```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

BOBBY GILBERT BAUCOM and
BRENDA LOUIS BAUCOM                                      PLAINTIFFS

VS.                         CASE NO. 06-5230

UNITED STATES OF AMERICA                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Now on this 2nd day of November, 2007, comes on to be considered **Defendant's Motion for Summary Judgment (Doc. 22)**. The Court, being well and sufficiently advised, concludes that the defendant's motion should be **GRANTED IN PART** and **DENIED IN PART**. The Court finds and orders as follows with respect thereto:

1. Plaintiffs Bobby and Brenda Baucom, husband and wife, bring this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and 28 U.S.C. § 1346(b). Plaintiffs allege that in September 2000, Dr. George Patterson, a Veterans Administration doctor, ran a routine blood test that revealed that Mr. Baucom had Hepatitis C. According to plaintiffs, Dr. Patterson "negligently failed to tell [Mr.] Baucom that he had Hepatitis C until October 28, 2005." (Doc. 3 ¶ 5.) Plaintiffs allege that as "a result of this grossly negligent omission of Dr. Patterson, Bob Baucom did not take measures to medicate, alleviate, or treat the disease." (Id.) Plaintiffs further allege that as a result of Dr. Patterson's failure to disclose the illness to Mr. Baucom, he did not take

measures "to protect loved ones from the transmission of the disease" and Mrs. Baucom has since tested positive for Hepatitis C. (Id.)

2. The United States moves for summary judgment. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The Court considers the facts, and the inferences to be drawn from them, in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### MR. BAUCOM

3. The United States argues that it is entitled to summary judgment on Mr. Baucom's claim because Dr. Patterson's failure to inform Mr. Baucom that he had Hepatitis C in September 2000 did not proximately cause any injury to Mr. Baucom. The United States submits deposition testimony from Mr. Baucom's treating physician, Dr. Raymond Mahan. Dr. Mahan characterized Mr. Baucom's Hepatitis C condition as "stable and nonaggressive." Dr. Mahan noted that Mr. Baucom suffered from post-traumatic stress disorder related to his service in Vietnam and that such a psychiatric illness is a contraindication for the Hepatitis C treatment. Dr. Mahan explained that given Mr. Baucom's psychiatric illness and that his Hepatitis C was stable, treating the Hepatitis C presented more

risks than benefits in Mr. Baucom's particular case. (Doc. 25 Ex. 4 at pgs. 15-19.)

4. The United States also submits an affidavit from Dr. Terryl Ortego, a gastroenterologist who the United States retained as an expert to review Mr. Baucom's medical records. According to Dr. Ortego, Mr. Baucom's medical records reflect near normal liver enzyme levels, which is a strong indication that he has suffered no medically significant liver damage since September 2000. Dr. Ortego opines that Mr. Baucom was not a good candidate for Hepatitis C treatment given his near normal liver enzyme levels and the contraindications to treatment from a psychiatric standpoint. Dr. Ortego, therefore, concludes that Mr. Baucom's medical condition has not significantly worsened nor has his life expectancy been shortened due to a delay in treating him for Hepatitis C between September 2000 and October 2005. (Doc. 25 Ex. 1.)

5. In response, Mr. Baucom acknowledges that he cannot establish that "Dr. Patterson's negligence resulted in his condition worsening and/or his life expectancy being shortened." (Doc. 31 at pg. 4.) However, Mr. Baucom asserts that he should be relieved of his burden or proof relating to proximate cause and damages based on the doctrine of equitable estoppel, as Dr. Patterson "intentionally determined *not* to inform Bob Baucom of his disease, and therefore, did not treat or otherwise investigate any

of the issues relating to the aforementioned issues until after October 2005...." (Id.)

6. To establish a claim of equitable estoppel against the United States, Mr. Baucom must prove, in addition to the traditional elements of estoppel, affirmative misconduct. See Mejia-Perez v. Gonzales, 490 F.3d 1011, 1012 (8th Cir. 2007). Mr. Baucom has not alleged any facts which would rise to the level of affirmative misconduct on the part of Dr. Patterson. The Court, therefore, sees no merit to Mr. Baucom's argument that the doctrine of equitable estoppel relieves him of his burden of proving that Dr. Patterson's failure to inform him that he had Hepatitis C in September 2000 proximately caused him any injuries or damages.

7. Mr. Baucom next argues that he is entitled to damages for mental anguish even if he did not suffer any physical harm. Mr. Baucom instituted this action alleging negligence, not any sort of intentional tort committed by Dr. Patterson. Accordingly, Mr. Baucom cannot recover damages for mental anguish absent a physical injury. See M.B.M. Co., Inc. V. Counce, 596 S.W.2d 681, 684 (Ark. 1980).

8. Based on the foregoing, the Court concludes that Mr. Baucom cannot establish any injury or damages resulting from Dr. Patterson's alleged negligence. The United States, therefore, is entitled to summary judgment on Mr. Baucom's claim.

### MRS. BAUCOM

9.   The Court finds that there are genuine issues of material fact in dispute as to whether Mrs. Baucom contracted Hepatitis C from Mr. Baucom after September 2000, when Dr. Patterson failed to inform Mr. Baucom that he had the disease.  The Court, therefore, finds that the United States is not entitled to summary judgment on Mrs. Baucom's claim that Dr. Patterson's alleged negligence resulted in her contracting the disease.

### CONCLUSION

10.   Based on the foregoing, the United States' **Motion for Summary Judgment (Doc. 22)** is **GRANTED** with regard to Mr. Baucom's claim and Mr. Baucom is **DISMISSED** as a plaintiff to this action.

The motion is **DENIED** with regard to Mrs. Baucom's claim and this claim will proceed to trial, as scheduled, the week of December 3, 2007.

11.   The United States **Motion to Strike Portions of Plaintiffs' Affidavits (Doc. 33)** is **DENIED** as moot, as the statements that are the subject of the motion do not alter the outcome of the Court's analysis of the plaintiffs' claims.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE